IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY FRAZIER,

        Plaintiff,                         No. CIV S-10-0610 EFB P

    vs.

ARAMARK,

        Defendant.                ORDER

                                            /

Plaintiff is a former Solano County Jail inmate proceeding pro se in an action brought pursuant to 42 U.S.C. § 1983. The case was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

Defendant has moved to dismiss this action for failure to state a claim upon which relief can be granted. Dckt. No. 15. For the following reasons, defendant's motion is denied.

This action proceeds on plaintiff's complaint filed March 16, 2010 against Aramark. Plaintiff alleges that the menu "provided by Aramark on behalf of Solano County Jail" does not meet the inmates' caloric requirements. Compl., Dckt. No. 1 at 3. Specifically, plaintiff alleges that the menu does not meet the minimum requirements of the governing California statute. *See* Cal. Code Regs. tit. 15, § 1241 (setting out the minimum diet standards for California's county

detention facilities).

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

1       Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
2  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.
3  1985).  However, the court's liberal interpretation of a pro se litigant's pleading may not supply
4  essential elements of a claim that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.
5  1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).
6  Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual
7  allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v.
8  Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept
9  unreasonable inferences, or unwarranted deductions of fact.  *W. Mining Council v. Watt*, 643
10 F.2d 618, 624 (9th Cir. 1981).  A pro se litigant is, however, entitled to notice of the deficiencies
11 in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be
12 cured by amendment.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

13      To state a claim under § 1983, plaintiff "must allege a violation of his constitutional
14 rights and show that the defendant's actions were taken under color of state law."  *Gritchen v.
15 Collier*, 254 F.3d 807, 812 (9th Cir. 2001).  Generally, private parties do not act under color of
16 state law.  *See Price v. Haw.*, 939 F.2d 702, 702-08 (9th Cir. 1991).  But actions taken by private
17 individuals are considered to be under color of state law where there is "significant state
18 involvement in the action."  *Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983).

19      Here, plaintiff contends that the food provided by defendant at the Solano County Jail is
20 inadequate to meet the minimum requirements necessary to satisfy the Eight Amendment.  Jails
21 have a responsibility to provide adequate food to their inmates.  *Farmer v. Brennan*, 511 U.S.
22 825, 832 (1994).  Thus, if a jail completely delegates this duty to a private company, the private
23 company is functioning as a state actor for the purpose of section 1983, because its conduct is
24 fairly attributable to the state.  *See West v. Atkins*, 487 U.S. 42, 55-56 (1988) (a physician under
25 contract to provide medical services to inmates was a state actor for purposes of § 1983 because
26 the state had delegated its duty to provide adequate medical care to prisoners); *McCullum v. City*

3

*of Philadelphia*, No. 98-5858, 1999 WL 493696 (E.D. Pa. July 13, 1999) (unpublished) (private contractor operating prison cafeteria considered a state actor); *cf. Lewis v. Mitchell*, 416 F. Supp.2d 935, 946-47 (S.D. Cal. 2005) (private company who merely provided ingredients to prison, which prison employees then used to prepare meals for inmates, was not considered a state actor for purposes of § 1983). In such circumstances, the only food that inmates at a jail have access to is the food provided by the private company. *See West*, 487 U.S. at 2258. If the private company provides inadequate food to inmates, the resultant deprivation was caused by the state's exercise of its right to punish inmates and deny them any other adequate sources of nourishment. *See id.* at 2259.

Here, plaintiff alleges that Aramark, "on behalf of Solano County Jail," serves food that does not meet minimum caloric requirements. In his opposition to defendant's motion to dismiss, plaintiff alleges that "the meals for this jail, are not prepared here, but brought from another location by Aramark, premade." Dckt. No. 16 at 2. These facts, taken as true, state claims that 1) Aramark has violated plaintiff's Eighth Amendment right to at least minimally adequate food, and 2) Aramark is acting as a state actor in serving meals to inmates, as the Solano County Jail has completely delegated its affirmative duty to provide food to inmates to Aramark.

Given that this is a Rule 12(b)(6) motion and plaintiff's allegations in the complaint must be assumed true, defendant has not contradicted plaintiff's allegations that the Solano County Jail relies completely on Aramark to provide food to its inmates. Instead, defendant argues that "the fact that Aramark is under contract with the Solano County Jail to provide meal services does not automatically subject it to constitutional liability." Dckt. No. 15 at 5. This is undoubtedly true, but it ignores plaintiff's allegations that Aramark is solely responsible for providing meals to Solano County Jail prisoners and that the food provided is inadequate to comply with the Eighth Amendment.[1] While defendant may well dispute that plaintiff could ever produce proof of the

---

[1] The same goes for defendant's bare statement that "meal service is not a traditionally government function." *Id.*

4

1 allegations in the complaint, they must be assumed true for purposes of this Rule 12 motion.
2 Defendant has not convincingly explained how plaintiff's complaint, construed liberally, fails to
3 state a valid claim against Aramark under section 1983.
4     Accordingly, it is hereby ORDERED that defendant's motion to dismiss is denied.
5 Dated: August 30, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5